# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

GEORGE DIMITRIOS SKRETTAS,
           Appellant,

        v.

DEPARTMENT OF VETERANS
    AFFAIRS,
           Agency.

DOCKET NUMBER
CH-0752-15-0099-I-1

DATE: August 7, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>George Dimitrios Skrettas</u>, Ann Arbor, Michigan, pro se.

<u>Kristi Glavich</u>, Detroit, Michigan, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal based on the doctrine of res judicata. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. However, we VACATE the initial decision dismissing this appeal as barred by the doctrine of res judicata and instead DISMISS the appeal for lack of jurisdiction.

¶2 Effective August 12, 2011, the agency terminated the appellant from his Registered Respiratory Therapist position for unsatisfactory performance during his probationary period. Initial Appeal File (IAF), Tab 4 at 4. The appellant filed an appeal with the Board challenging his termination, and the administrative judge issued an October 24, 2011 initial decision dismissing the appeal as withdrawn pursuant to the parties' October 18, 2011 settlement agreement, which was not entered into the record for enforcement purposes. IAF, Tab 7 at 7-8; *see Skrettas v. Department of Veterans Affairs*, MSPB Docket No. CH-0752-11-0789-I-1, Initial Decision (Oct. 24, 2011). The initial decision in that appeal became the Board's final decision on November 28, 2011, after neither party filed a petition for review by that date. IAF, Tab 7 at 8.

¶3 On November 18, 2014, the appellant filed an appeal with the Board claiming that his 2011 termination was in retaliation for reporting "unethical, illegal and dangerous practices as a whistleblower." IAF, Tab 1 at 1. The administrative judge issued a timeliness order and an acknowledgment order, ordering the appellant to file evidence and argument to show good cause why his

appeal should not be dismissed. IAF, Tab 2 at 2, Tab 3. In the acknowledgement order, the administrative judge explained the doctrine of res judicata and noted that the appellant appeared to be raising a claim that he already had adjudicated before the Board, which was resolved in a decision issued on October 24, 2011, in accordance with a settlement agreement. IAF, Tab 2 at 2. The appellant responded by arguing the merits of his appeal, and the agency filed a motion to dismiss his appeal for lack of jurisdiction or untimeliness. IAF, Tabs 4, 7. The administrative judge issued an initial decision dismissing the appeal based on the doctrine of res judicata, without deciding the timeliness issue. IAF, Tab 8, Initial Decision (ID) at 1 & n.1. The appellant filed a petition for review reasserting his claim of whistleblower retaliation and arguing, in pertinent part, that res judicata does not apply.[2] Petition for Review (PFR) File, Tabs 1-4.

¶4        Although the administrative judge found below that res judicata barred this appeal, we disagree. As a preliminary matter, res judicata is a basis for dismissing a claim over which the Board has jurisdiction, and the administrative judge who dismissed the appellant's termination appeal as settled in 2011 did not find that the Board had jurisdiction over the underlying appeal. IAF, Tab 7 at 1-2; *see Hicks v. U.S. Postal Service*, 114 M.S.P.R. 232, ¶ 12 (2010). In addition, the Board has held that, when an appeal has been settled, the merits of the agency's action have not been examined, and the doctrine of res judicata cannot be applied. *Besemer v. U.S. Postal Service*, 77 M.S.P.R. 260, 264 (1998). Thus, we find that the administrative judge erred in dismissing the appellant's 2014 appeal based on the doctrine of res judicata.

---

[2] The appellant raises additional claims on review, including but not limited to, retaliation for protected equal employment opportunity (EEO) activity, gender discrimination, and due process violations in connection with his termination. PFR File, Tab 1 at 2-3. The appellant also asks the Board to reopen his appeal based on new evidence consisting of a January 18, 2008 agency directive describing the types of adverse events that must be disclosed. *Id*. at 4-5.

¶5      For the reasons stated below, however, we dismiss the appeal for lack of jurisdiction because the appellant waived his appeal rights in the October 2011 settlement agreement.[3]   IAF, Tab 7 at 13-17.   Once a settlement agreement resolves a basic controversy regarding a discharge, "there is no case or controversy touching the discharge and over the merits of which" the Board might exercise jurisdiction.  *Asberry v. U.S. Postal Service*, [692 F.2d 1378](#), 1380 (Fed. Cir. 1982).  The parties' October 2011 settlement agreement resolved "any and all rights and claims arising from the facts of" the appellant's Board appeal challenging his August 11, 2011 termination "in any other forum including but not limited to . . . the Merit Systems Protection Board."[4]  IAF, Tab 7 at 13-14. We find that the broad waiver in the settlement agreement encompasses the appellant's current claims challenging his termination and divests the Board of jurisdiction over his appeal.  *See Laity v. Department of Veterans Affairs*, [61 M.S.P.R. 256](#), 263 (1994) (determining that a provision stating that the agreement "fully resolves any and all" matters and issues leading to the suspension was broad enough to support a finding that the appellant waived the whistleblower reprisal claim stemming from that action).

¶6      A waiver of appeal rights in a settlement agreement is enforceable and not against public policy if the terms of the waiver are comprehensive, freely made, and fair, and execution of the waiver was not the result of duress or bad faith on the agency's part.  *Lawrence v. Office of Personnel Management*, [108 M.S.P.R.](#)

---

[3] Although the administrative judge did not enter the settlement agreement at issue into the record for enforcement, the Board can review the settlement to determine any waiver of appeal rights.  *See Covington v. Department of the Army,* [85 M.S.P.R. 612](#), ¶¶ 10-12 (2000) (reviewed a settlement with the agency); *Sullivan v. Department of Veterans Affairs*, [79 M.S.P.R. 81](#), 83-84 (1998) (reviewed a settlement of EEO complaints); *Laity v. Department of Veterans Affairs*, [61 M.S.P.R. 256](#), 261 (1994) (reviewed a settlement of a grievance).

[4] In addition to the appellant's Board appeal, the parties' settlement agreement also resolved the appellant's EEO complaint, Agency No. 200J-506-201104437, and his August 27, 2011 Freedom of Information Act request revised on September 6, 2011. IAF, Tab 7 at 13.

325, 328, *aff'd*, 318 F. App'x 895 (Fed. Cir. 2008).  A waiver of appeal rights that meets these criteria divests the Board of jurisdiction over an appeal.  *See Merriweather v. Department of Transportation*, 59 M.S.P.R. 434, 437-38 (1993).  The plain language of the agreement signed by the appellant specified that he understood the terms of the settlement and that he entered into the agreement knowingly, freely, and voluntarily with no unwarranted duress or undue influence from any person or source.  IAF, Tab 7 at 14-15.  Moreover, the allegations made by the appellant on appeal do not challenge the validity of the agreement.  Having voluntarily accepted the settlement agreement and its benefits, the appellant cannot now bring claims that he waived under the terms of that agreement.[5]  We therefore deny the petition for review and dismiss this appeal for lack of jurisdiction.[6]

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has

---

[5] The agency rescinded the appellant's August 11, 2011 "removal" and converted it to a voluntary resignation, in exchange for the appellant waiving "any and all rights and claims arising from the facts of" MSPB Docket No. CH-0752-11-0419-I-1 and his EEO complaint, "in any other forum," and withdrawing his actions pending against the agency.  IAF, Tab 7 at 14.

[6] In light of our finding that the Board lacks jurisdiction over the appeal, we need not determined whether the appeal is precluded by collateral estoppel.

held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your appeal to the Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.